**GARTEISER HONEA, P.C.**
Randall T. Garteiser (SBN 231821)
Christopher A. Honea (SBN 232473)
44 North San Pedro Road
San Rafael, California 94903
[Tel.] (415) 785-3762
[Fax] (415) 785-3805
randall.garteiser@sftrialattorneys.com
chris.honea@sftrialattorneys.com

**NELSON BUMGARDNER CASTO, P.C.**
Barry J. Bumgardner (*Pro Hac Vice*)
Steven W. Hartsell (*Pro Hac Vice*)
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
[Tel.] (817) 377-9111
[Fax] (817) 377-3485
barry@nbclaw.net
shartsell@nbclaw.net

**BURNS & LEVINSON LLP**
Howard J. Susser (*Pro Hac Vice*)
Paul T. Muniz (*Pro Hac Vice*)
Zachary R. Gates (*Pro Hac Vice*)
Alexandra Capachietti (*Pro Hac Vice*)
125 Summer Street
Boston, Massachusetts  02110-1624
[Tel.] (617) 345-3000
[Fax] (617) 345-3299
hsusser@burnslev.com
pmuniz@burnlev.com
zgates@burnslev.com
acapachietti@burnslev.com

**ATTORNEYS FOR PLAINTIFF GPNE CORP.**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| GPNE CORP., <br><br> Plaintiff, <br><br> vs. <br><br> NOKIA CORPORATION AND NOKIA, INC., <br><br> Defendants. | Civil No. 4:12-CV-03056-LHK <br><br> **JURY TRIAL DEMANDED** |

# FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Pursuant to the Court's Case Management Order (Dkt. No. 49), Plaintiff GPNE Corp. submits this First Amended Complaint as follows:

## PARTIES

1. Plaintiff GPNE is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Honolulu, Hawai'i.

2. Defendant Nokia Corporation ("Nokia Corporation") is a corporation organized and existing under the laws of Finland with its principal place of business in Espoo, Finland. Nokia Corporation has been served with process and has appeared.

3. Defendant Nokia, Inc. ("Nokia, Inc.") is a wholly-owned subsidiary of Nokia Corporation and is a Delaware corporation with a principal place of business in White Plains, New York. Nokia Inc. has been served with process and has appeared.

4. Nokia Corporation and Nokia, Inc. are collectively referred to as "Nokia" or "Defendants."

5. On information and belief, this Court has personal jurisdiction over Nokia because Nokia has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district and/or has engaged in continuous and systematic activities in this judicial district. Nokia's cellular phones are sold and offered for sale throughout this judicial district.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants are deemed to reside in this judicial district, have committed acts of infringement in this judicial district, have purposely transacted business in this judicial district and/or have regular and established places of business in this judicial district.

8. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the California Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business and, accordingly, deriving substantial revenue from goods and services provided to California residents.

## FACTUAL BACKGROUND AND ALLEGATIONS

9. On June 30, 2009, United States Patent No. 7,555,267 ("the '267 patent") was duly and legally issued for a "Network Communication System Wherein A Node Obtains Resources For Transmitting Data By Transmitting Two Reservation Requests." A true and correct copy of the '267 patent is attached hereto as Exhibit "A."

10. The '267 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

11. On August 4, 2009, United States Patent No. 7,570,954 ("the '954 patent") was duly and legally issued for a "Communication System Wherein A Clocking Signal From A Controller, A Request From A Node, Acknowledgement Of The Request, And Data Transferred From The Node Are All Provided On Different Frequencies, Enabling Simultaneous Transmission Of These Signals." A true and correct copy of the '954 patent is attached hereto as Exhibit "B."

1    12.    The '954 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

3    13.    On September 7, 2010, United States Patent No. 7,792,492 ("the '492 patent") was duly and legally issued for a "Network Communication System With An Alignment Signal To Allow A Controller To Provide Messages To Nodes And Transmission Of The Messages Over Four Independent Frequencies." A true and correct copy of the '492 patent is attached hereto as Exhibit "C."

8    14.    The '492 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

10   15.    GPNE owns all right, title, and interest in and to the '267, '954, and '492 patents (collectively, "the Asserted Patents"), including the right to prosecute this action and recover damages for the infringements alleged herein.

### NOKIA PRODUCTS

16.    Nokia's 700 is advertised as having the ability to operate with General Packet Radio Service ("GPRS") networks.

17.    Nokia's 700 can transmit and receive data over GPRS networks, such as those operated by AT&T or T-Mobile in the United States.

18.    Nokia's 2720 is advertised as having the ability to operate with GPRS networks.

19.    Nokia's 2720 can transmit and receive data over GPRS networks, such as those operated by AT&T or T-Mobile in the United States.

20.    Nokia's 6350 is advertised as having the ability to operate with GPRS networks.

21.    Nokia's 6350 can transmit and receive data over GPRS networks, such as those operated by AT&T or T-Mobile in the United States.

22.    Nokia's C1-01 is advertised as having the ability to operate with GPRS networks.

23.    Nokia's C1-01 can transmit and receive data over GPRS networks, such as those operated by AT&T or T-Mobile in the United States.

24.    Nokia's C2-01 is advertised as having the ability to operate with GPRS networks.

25. Nokia's C2-01 can transmit and receive data over GPRS networks, such as those operated by AT&T or T-Mobile in the United States.

26. Nokia's C5 is advertised as having the ability to operate with GPRS networks.

27. Nokia's C5 can transmit and receive data over GPRS networks, such as those operated by AT&T or T-Mobile in the United States.

28. Nokia's C5-03 is advertised as having the ability to operate with GPRS networks.

29. Nokia's C5-03 can transmit and receive data over GPRS networks, such as those operated by AT&T or T-Mobile in the United States.

30. Nokia's C6-00 is advertised as having the ability to operate with GPRS networks.

31. Nokia's C6-00 can transmit and receive data over GPRS networks, such as those operated by AT&T or T-Mobile in the United States.

32. Nokia's C6-01 is advertised as having the ability to operate with GPRS networks.

33. Nokia's C6-01 can transmit and receive data over GPRS networks, such as those operated by AT&T or T-Mobile in the United States.

34. Nokia's C7 is advertised as having the ability to operate with GPRS networks.

35. Nokia's C7 can transmit and receive data over GPRS networks, such as those operated by AT&T or T-Mobile in the United States.

36. Nokia's E5 is advertised as having the ability to operate with GPRS networks.

37. Nokia's E5 can transmit and receive data over GPRS networks, such as those operated by AT&T or T-Mobile in the United States.

38. Nokia's E6 is advertised as having the ability to operate with GPRS networks.

39. Nokia's E6 can transmit and receive data over GPRS networks, such as those operated by AT&T or T-Mobile in the United States.

40. Nokia's E7-00 is advertised as having the ability to operate with GPRS networks.

41. Nokia's E7-00 can transmit and receive data over GPRS networks, such as those operated by AT&T or T-Mobile in the United States.

42. Nokia's Lumia 710 is advertised as having the ability to operate with GPRS networks.

43. Nokia's Lumia 710 can transmit and receive data over GPRS networks, such as those operated by AT&T or T-Mobile in the United States.

44. Nokia's Lumia 800 is advertised as having the ability to operate with GPRS networks.

45. Nokia's Lumia 800 can transmit and receive data over GPRS networks, such as those operated by AT&T or T-Mobile in the United States.

46. Nokia's Lumia 900 is advertised as having the ability to operate with GPRS networks.

47. Nokia's Lumia 900 can transmit and receive data over GPRS networks, such as those operated by AT&T or T-Mobile in the United States.

48. Nokia's Lumia 900 is advertised as having the ability to operate with Long Term Evolution ("LTE") networks.

49. Nokia's Lumia 900 can transmit and receive data over LTE networks, such as those operated by AT&T or Verizon in the United States.

50. Nokia's N8 is advertised as having the ability to operate with GPRS networks.

51. Nokia's N8 can transmit and receive data over GPRS networks, such as those operated by AT&T or T-Mobile in the United States.

52. Nokia's Nokia 808 is advertised as having the ability to operate with GPRS networks.

53. Nokia's Nokia 808 can transmit and receive data over GPRS networks, such as those operated by AT&T or T-Mobile in the United States.

54. Nokia's X2-01 is advertised as having the ability to operate with GPRS networks.

55. Nokia's X2-01 can transmit and receive data over GPRS networks, such as those operated by AT&T or T-Mobile in the United States.

56. Nokia's X3-02 is advertised as having the ability to operate with GPRS networks.

57. Nokia's X3-02 can transmit and receive data over GPRS networks, such as those operated by AT&T or T-Mobile in the United States.

## COUNT ONE

### (INFRINGEMENT OF THE '267 PATENT)

58. GPNE incorporates paragraphs 1 through 57 herein by reference.

59. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

60. On information and belief, Defendant are directly infringing one or more claims of the '267 patent in this judicial district and elsewhere in the United States, including at least claims 1, 4, 8-9, 11-14, 18-23, 30-32, 39-42, and 45, by, among other things, making, using, offering for sale, selling and/or importing cellular phones with the ability to send and receive data via the GPRS including, without limitation, the (1) 700, (2) 2720, (3) 6350, (4) C1-01, (5) C2-01, (6) C5, (7) C5-03, (8) C6-00, (9) C6-01, (10) C7, (11) E5, (12) E6, (13) E7-00, (14) Lumia 710, (15) Lumia 800, (16) Lumia 900, (17) N8-00, (18) Nokia 808, (19) X2-01, and (20) X3-02, to customers

61. On information and belief, Defendant are directly infringing one or more claims of the '267 patent in this judicial district and elsewhere in the United States, including at least claims 1, 2, 4, 7-8, 10, 19-21, 39-43, and 45, by, among other things, making, using, offering for sale, selling and/or importing cellular phones with the ability to send and receive data via LTE including, without limitation, the Lumia 900, to customers.

62. GPNE has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to GPNE in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT TWO

### (INFRINGEMENT OF THE '954 PATENT)

63. GPNE incorporates paragraphs 1 through 62 herein by reference.

64. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

65.     On information and belief, Defendants are directly infringing one or more claims of the '954 patent in this judicial district and elsewhere in the United States, including at least claims 13, 15-20, and 22-26, by, among other things, making, using, offering for sale, selling and/or importing cellular phones with the ability to send and receive data via GPRS including, without limitation, the (1) 700, (2) 2720, (3) 6350, (4) C1-01, (5) C2-01, (6) C5, (7) C5-03, (8) C6-00, (9) C6-01, (10) C7, (11) E5, (12) E6, (13) E7-00, (14) Lumia 710, (15) Lumia 800, (16) Lumia 900, (17) N8-00, (18) Nokia 808, (19) X2-01, and (20) X3-02, to customers.

66.     On information and belief, Defendants are directly infringing one or more claims of the '954 patent in this judicial district and elsewhere in the United States, including at least claims 13, 16-17, and 22, by, among other things, making, using, offering for sale, selling and/or importing cellular phones with the ability to send and receive data via LTE including, without limitation, the Lumia 900, to customers.

67.     GPNE has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to GPNE in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT THREE**

(INFRINGEMENT OF THE '492 PATENT)

68.     GPNE incorporates paragraphs 1 through 67 herein by reference.

69.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

70.     On information and belief, Defendants are directly infringing one or more claims of the '492 patent in this judicial district and elsewhere in the United States, including at least claims 2, 16-17, 28, 37-41, 44, 55-59, 62-63, 66-68, and 71-72, by, among other things, making, using, offering for sale, selling and/or importing cellular phones with the ability send and receive data via GPRS including, without limitation, the (1) 700, (2) 2720, (3) 6350, (4) C1-01, (5) C2-01, (6) C5, (7) C5-03, (8) C6-00, (9) C6-01, (10) C7, (11) E5, (12) E6, (13) E7-00, (14) Lumia

710, (15) Lumia 800, (16) Lumia 900, (17) N8-00, (18) Nokia 808, (19) X2-01, and (20) X3-02, to customers.

71.   On information and belief, Defendants are directly infringing one or more claims of the '492 patent in this judicial district and elsewhere in the United States, including at least claims 2, 16-17, 28, and 37-41, by, among other things, making, using, offering for sale, selling and/or importing cellular phones with the ability to send and receive data via LTE including, without limitation, the Lumia 900, to customers.

72.   GPNE has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are, thus, liable to GPNE in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

GPNE requests that the Court find in its favor and against Defendants, and that the Court grant GPNE the following relief:

A.   Judgment that one or more claims of the '267, '954, and/or '492 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendants;

B.   Judgment that Defendants account for and pay to GPNE all damages to and costs incurred by GPNE, including attorneys' fees, because of Defendants' infringing activities and other conduct complained of herein;

C.   Judgment that Defendants account for and pay to GPNE a reasonable, on-going, post judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

D.   That GPNE be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

E.   That GPNE be granted such other and further relief as the Court may deem just and proper under the circumstances.

| | |
|---|---|
| Dated: October 24, 2012 | Respectfully Submitted, |

                                                        **GARTEISER HONEA, P.C.**

<u>/s/ Randall Garteiser</u>
Randall T. Garteiser (SBN 231821)
Christopher A. Honea (SBN 232473)
44 North San Pedro Road
San Rafael, California 94903
[Tel.] (415) 785-3762
[Fax] (415) 785-3805
randall.garteiser@sftrialattorneys.com
chris.honea@sftrialattorneys.com

**NELSON BUMGARDNER CASTO, P.C.**
Barry J. Bumgardner (*Pro Hac Vice*)
Steven W. Hartsell (*Pro Hac Vice*)
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
[Tel.] (817) 377-9111
[Fax] (817) 377-3485
barry@nbclaw.net
shartsell@nbclaw.net

**BURNS & LEVINSON LLP**
Howard J. Susser (*Pro Hac Vice*)
Paul T. Muniz (*Pro Hac Vice*)
Zachary R. Gates (*Pro Hac Vice*)
Alexandra Capachietti (*Pro Hac Vice*)
125 Summer Street
Boston, Massachusetts 02110-1624
[Tel.] (617) 345-3000
[Fax] (617) 345-3299
hsusser@burnslev.com
pmuniz@burnlev.com
zgates@burnslev.com
acapachietti@burnslev.com

**ATTORNEYS FOR PLAINTIFF GPNE CORP.**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2012, I electronically submitted the foregoing FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Randall Garteiser
Randall T. Garteiser